

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1962

Mr. D. F. Smallhorst
Executive Secretary
Texas Water Pollution
  Control Board
1100 West 49th Street
Austin 5, Texas

Opinion No. WW-1431

Re: Whether the Executive Secre-
tary of the Texas Water Pol-
lution Control Board is an
"Executive Head of a State
Agency" as used in the Gene-
ral Appropriations Act.

Dear Mr. Smallhorst:

We are in receipt of your request for an opinion
on the above question in connection with the newly created
State Water Pollution Control Board.

Article 7621d of Vernon's Civil Statutes, which es-
tablishes this Board, states in part as follows:

" . . .

"Sec. 3. (a) There is hereby created
and established a State Water Pollution
Control Board which shall be composed of
six (6) members. The Board is directed to
carry out the functions and duties confer-
red on it by this Act. . . .

" . . .

"(c) The six (6) members of the Board
shall receive no fixed salary for duties per-
formed as members of the Board, but each
member, excepting those representing speci-
fied State agencies, shall be allowed, for
each and every day in attending meetings of
the Board, the sum of Twenty Dollars ($20)
including time spent in travel to and from
such meetings, and all members shall be

allowed traveling and other necessary expenses while in the performance of official duty, to be evidenced by vouchers approved by the Chairman of the Board, provided no member shall receive more than Two Thousand Dollars ($2,000) annually, including expenses. The members of the Board appointed by the Governor, and confirmed by the Senate shall qualify by taking the Constitutional oath of office before an officer authorized to administer an oath within this State, and, upon presentation of such oath, together with the certificate of appointment, the Secretary of State shall issue commissions to them, which shall be evidence of their authority to act as such. In addition to the three (3) members appointed by the Governor as provided herein, the Board shall also consist of the following State officers, each of whom shall be a member of said Board during the time that he is serving in such other official capacity, to wit: the Chairman of the State Board of Water Engineers, the State Commissioner of Health, and the Executive Secretary of the State Game and Fish Commission, each of whom shall perform the duties required of a member of the Board by this Act in addition to those duties required of him in said other official capacities.

" . . .

"(e) Actual and necessary travel and other expenses incurred by the three (3) ex-officio members in the discharge of their official duties as members of the Board shall be paid out of any funds which are or may become available for the purposes of this Act. Employees of the Board shall receive their necessary traveling expenses while traveling on the business of the Board.

" . . .

"(g) The Director of the Water Pollution Control Division of the Texas State Department of Health shall serve as Executive Secretary of the Board. He shall keep full and accurate minutes of all transactions and proceedings of said Board and perform such duties as may be required by the Board, and he shall be the custodian of all files and records of the Board. The

executive secretary shall be the adminis-
trator of water pollution control activi-
ties for the Board." (Emphasis added).

Section 35a of Article V of Senate Bill No. 1, Acts 57th Legislature, 1st Called Session 1961, provides in part as follows:

"Executive heads of State agencies, in-
cluding the Executive Director of the Legis-
lative Council, shall be reimbursed for their
actual meals, lodging and incidental expenses
when traveling on official business either in
or out of the State." (Emphasis added).

An inspection of Article 7621d leads us to the conclusion that the position of Executive Secretary of the Water Pollution Control Board does not involve merely clerical duties or amount to a subordinate position, but is a position wherein the Executive Secretary is primarily responsible for the administration of water pollution control activities over the entire State. He is therefore an "Executive head of a State agency," and as such, entitled to reimbursement for his actual expenses while traveling in the course of his official business for the Water Pollution Control Board either in or out of the State.

### SUMMARY

The Executive Secretary of the Texas Water
Pollution Control Board is the executive
head of a state agency, and as such, is en-
titled to reimbursement for his actual ex-
penses while traveling on official business
either in or out of the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
Fred D. Ward
Assistant

FDW:ms

Mr. D. F. Smallhorst, page 4 (WW-1431)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Arthur Sandlin
Ernest Fortenberry

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore